IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAURICE J.P. TABONE, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § Civil Action No. 4:23-CV-00986-SEP <br> HARTMANN US INC. and THE HAPPY § <br> EGG GROUP INC. d/b/a HAPPY EGG CO § <br> USA, § <br> § <br> *Defendants*. § | |

## JOINT PROPOSED SCHEDULING PLAN

Plaintiff, Maurice J.P. Tabone ("Mr. Tabone" or "Plaintiff"), and Defendants, Hartmann U.S. Inc. ("Hartmann") and The Happy Group Inc. d/b/a Happy Egg CO USA ("Happy Egg") (Hartmann and Happy Egg are hereinafter collectively referred to as "Defendants"), hereby submit this Joint Proposed Scheduling Plan pursuant to the Court's December 12, 2023 Order Setting Rule 16 Conference (ECF No. 25) and based on the Local Patent Rules.

a) **Whether the Track Assignment Is Appropriate:**

1. **Plaintiff's Position:** The Court assigned this case to Track 2. Plaintiff agrees that Track 2 is appropriate and easily achievable in this matter. Defendants ask this Court to reconsider its decision to set this case on Track 2, but they have not identified any specific issues (claim construction or otherwise) that are overly "complex" to warrant proceeding under Track 3. The cases cited below by Defendants involve situations where the parties *agreed* to proceed under Track 3. As for Mr. Tabone's related U.S. Patent No. 11,858,704, both Defendants have been on notice of this patent since at least as early as September 6, 2023, and Mr. Tabone will be filing an amended complaint to add

1

this related patent months before the agreed-upon May 7, 2024 deadline to amend the pleadings. Plaintiff requests that this case continue under Track 2.

2. **Defendants' Position:** A Track 3 schedule is more appropriate for this complex patent-infringement case. Under the Track 2 schedule, the Court's claim construction ruling—which triggers deadlines for final contentions under the Local Patent Rules—would likely not be entered until after the close of discovery and the dispositive motion deadline. Defendants' request is not due to the complex nature of the potential issues for claim construction, but rather the timeline and sequence of events for claim construction as provided by the Local Patent Rules in conjunction with the assigned track schedule. Allowing the claim construction ruling to guide the parties' discovery, final contentions, and dispositive motions under a Track 3 schedule would allow for a more efficient resolution of this matter. This Court has previously permitted patent cases to proceed under Track 3 and has granted parties' requests to proceed under Track 3. See, e.g., *Nidec Motor Corp. v. Broad Ocean Motor LLC*, No. 4:13-cv-1895-SEP, Dkt. 114 (E.D.Mo. July 6, 2021) (assigning patent case to Track 3); *Bausch & Lomb Inc. v Zea Vision LLC*, 4:22-cv-914-AGF, Dkt. 62 (E.D.Mo. Jan. 12, 2023) (re-assigning case to Track 3 upon parties' request). Further, Plaintiff identified in a letter to Defendants on September 6, 2023, of his intention to promptly amend his complaint to add his newly allowed patent, now issued as U.S. Patent No. 11,858,704. Plaintiff has yet to amend his complaint, but in the event he does so, there will be then be three patents at issue adding to complex nature of this case.

b) **Dates For Joinder of Additional Parties or Amendment of Pleadings:** The parties propose May 7, 2024 as the final date for Joinder of Additional Parties or Amendment of Pleadings.

c) **Proposed Discovery Plan:** Plaintiff's proposed discovery plan consistent with Track 2 is attached hereto as **Exhibit A**. Defendants' proposed discovery plan consistent with Track 3 is attached hereto as **Exhibit B**.

   (i) **Disclosure or Discovery of Electronically Stored Information:** For purposes of the discovery of electronically stored information ("ESI"), the parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties further acknowledge that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties agree to discuss and seek agreement on protocols with respect to the identification, review, and production of ESI. The parties also agree that for the production of ESI:

   1. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") or PDF format. Files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the unitization of the files.

   2. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

3. Each document image shall contain a footer with a sequentially ascending production number placed so as to not obscure any portion of the text or contents of the document.

4. The parties agree to meet and confer regarding whether email discovery is necessary in this case and, if so, the protocol for requesting such discovery, following the substantial completion of non-email discovery.

**(ii)** **Privilege and Work-Product Protection:** The parties agree that communications between a party and its trial counsel do not need to be included on any privilege log provided pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure. The parties further agree that other communications and documents generated after the commencement of litigation, if privileged or protected as work product, do not need to be included on any privilege log. Additionally, the parties agree that, pursuant to Rule 502(b) of the Federal Rules of Evidence, the inadvertent production of a privileged or work-product protected ESI does not constitute a waiver. A producing party that requests the return of ESI on the grounds that it is privileged or work-product protected must provide the receiving party with the information required by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure within seven (7) days of the request for return. The receiving party must return, sequester, or destroy ESI that the producing party claims is privileged or work-product protected as provided in Rule 26(b)(5)(B) and may use such ESI only to challenge the claim of privilege or protection.

**(iii)** **Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1):** The parties agree that Rule 26(a)(1) Initial Disclosures will be exchanged by February 6, 2024. (*See* Exs. A-B.)

**(iv)** **Discovery Not to be Conducted in Phases or Limited to Certain Issues:** The parties agree that discovery should not proceed in phases or be limited to certain issues. The parties agree that discovery may be needed on subjects relevant to their asserted claims and defenses.

**(v)** **Expert Disclosures:** The parties' proposed dates for expert disclosures are set forth in Exhibit A (Plaintiff's Proposed Discovery Plan) and Exhibit B (Defendants' Proposed Discovery Plan). The parties agree that communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C) of the Federal Rules of Civil Procedure. For further clarity, the parties agree that drafts of expert reports will not be retained and produced.

**(vi)** **Limits on Depositions, Interrogatories, and Requests for Admission:** The parties agree that, absent leave of Court, the presumptive limits of twenty-five (25) interrogatories per party and ten (10) fact depositions per side shall apply in this case, which shall be inclusive of depositions pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, but exclusive of expert depositions. If either party later determines it needs more depositions, the parties shall confer in good faith. In the event the parties are unable to agree, each party may seek leave from the Court to take additional depositions upon a showing of good cause. The parties further

        agree that, absent agreement of the parties and/or leave of Court as necessary, a maximum of twenty-five (25) requests for admission are permitted for each side.

    **(vii)** **Physical Or Mental Examinations Of Parties:** The parties agree that no physical or mental examinations will be requested by the parties.

    **(viii)** **Close of Fact and Expert Discovery:** The parties' proposed deadlines for the close of fact and expert discovery are set forth in Exhibit A (Plaintiff's Proposed Discovery Plan) and Exhibit B (Defendants' Proposed Discovery Plan).

    **(ix)** **Other Matters Pertinent to Completion of Discovery:** The parties are not aware of other issues that would be pertinent to the completion of discovery in this case.

d) **Mediation:** The parties do not request a referral to mediation or a settlement conference at this time, but are amenable to revisiting this issue as discovery progresses.

e) **Dates for Filing Dispositive and *Daubert* Motions:** The parties' proposed deadlines for filing any motions for summary judgment and/or *Daubert* motions are set forth in Exhibit A (Plaintiff's Proposed Discovery Plan) and Exhibit B (Defendants' Proposed Discovery Plan).

f) **Trial Date:** The parties' proposed trial dates are set forth in Exhibit A (Plaintiff's Proposed Discovery Plan) and Exhibit B (Defendants' Proposed Discovery Plan).

g) **Estimated Length of Trial:** Each of the parties has requested a jury trial. The parties anticipate that the trial will take approximately four (4) to five (5) court days to complete to verdict.

**h) Other Matters:** The parties identify the following matters:

1. The parties are preparing a protective order governing confidential information for entry by the Court. The parties will present the proposed protective order to the Court at the onset of discovery.

2. The parties agree that, to the extent possible in light of the volume of the submission, all court filings, to the extent not served through ECF (namely, filings under seal), will be served via e-mail, and such service shall constitute proper service under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Moreover, the parties agree that each party may serve discovery, in lieu of other service methods, by e-mail under Rule 5(b)(2)(E).

|  |  |
|---|---|
| Dated: January 12, 2024 | Respectfully submitted,<br><br>*/s/ Raymond P. Niro, Jr.*<br>Raymond P. Niro, Jr.<br>E.D. Mo. Reg No. 6207468(IL)<br>Kyle D. Wallenberg<br>E.D. Mo. Reg. No. 6314218(IL)<br>NIRO McANDREWS, LLP<br>21660 West Field Parkway, Suite 118<br>Deer Park, Illinois 60010<br>(312) 755-8575<br>RNirojr@niro-mcandrews.com<br>KWallenberg@niro-mcandrews.com<br><br>*Attorneys for Plaintiff,*<br>Maurice J.P. Tabone<br><br>*/s/ Marron E. Frith*<br>Stephanie N. Sivinski (pro hac vice)<br>Bar Reg. No. 24075080 (TX)<br>Marron E. Frith (pro hac vice)<br>Bar Reg. No. 24137884 (TX)<br>HAYNES AND BOONE, LLP<br>2801 N. Harwood Street Suite 2300<br>Dallas, TX 75201 |

(214) 651-5000
stephanie.sivinski@haynesboone.com
marron.frith@haynesboone.com


Vincent K Shier, Ph.D. (pro hac vice)
Bar Reg. No. 71446 (VA)
HAYNES AND BOONE, LLP
800 17th Street, Suite 500
Washington, DC 20006
(202) 654-4500
vincent.shier@haynesboone.com

Eugene Goryunov (pro hac vice)
Bar Reg. No. 6296605 (IL)
HAYNES AND BOONE, LLP
180 N. LaSalle St., Suite 2215
Chicago, Illinois 60601
(312) 216-1630
eugene.goryunov@haynesboone.com

*Attorneys for Defendant Hartmann US Inc.*

*/s/ Cliff Brazen*
Carrie Bader (MO Bar 62233)
Megan J. Redmond (MO Bar 56932)
Cliff Brazen (pro hac vice)
ERISE IP, P.A.
7015 College Blvd., Ste. 700
Overland Park, KS 66211
Tel: (913) 777-5600
Fax: (913) 777-5601
carrie.bader@erise ip.com
megan.redmond@eriseip.com
cliff.brazen@eriseip.com

Attorneys for The Happy Group Inc. d/b/a Happy Egg CO USA

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 12, 2024, the foregoing

## JOINT PROPOSED SCHEDULING PLAN

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

>   */s/ Raymond P. Niro, Jr.*
>   *Attorney for Plaintiff,*
>   NIRO McANDREWS, LLP